*2 Burns 179.*
*2 Bac. Abr.*
*558.*

Verdict not guilty.

# SOMERSET COUNTY.

## December Term, 1796.

### JAMES SPENCER v. WILLIAM TISUE.

THIS was an action of debt for 2000*l.* the penalty on an article of agreement for the purchafe of a tract of land, fold by *Spencer* to *Tifue*, for 750*l.*

Of this price, it was admitted, that *Tifue* fhould have credit for 30*l. 0s. 6d.* paid by him for goods bought by *Spencer*, and alfo for the half of 98 dollars and 27 cents, the amount of excife duty on ftills fold with the land: and, as to the other half of this duty, it was left to an amicable adjuftment on circumftances.

*Tiſue* further claimed a credit for 20*l.* as the price of 1796. a ſet of ſmith's tools, which, it was proved, he had given to *Spencer.* But there was alſo evidence tending to prove, that he had given them as a preſent beyond the agreed price.

Another credit was claimed for 12*l.* the price of two cows ſold by *Tiſue* to *Spencer.* But there was evidence tending to prove, that one of the cows was for *Thomas,* ſon of *James Spencer,* in payment of a'debt due by *Tiſue* to him.

*Tiſue* produced a receipt, to him, given by *Mary,* the wife of *James Spencer,* for 263*l.* 17*s.* 6*d.* Of this ſum 226*l.* 7*s.* 6*d.* was actually paid to her, in the preſence of *Thomas* and *William,* ſons of *James Spencer,* and then of age ; and it was then alſo admitted, that the reſidue, 37*l.* 10*s.* had before been paid to one of the ſons, to buy land for the family. There was alſo evidence, that *Mary Spencer* had given a receipt for but 226*l.* 7*s.* 6*d.* ; that afterwards *Thomas Spencer* had borrowed of *Tiſue* 37*l.* 10*s.* to be paid in three weeks ; and, he not paying, *Tiſue* prevailed on his mother to include this and the other ſum, in a new receipt to be given for the whole 263*l.* 17*s.* 6*d.* There was evidence, that, at this time, *James Spencer* had no fixed place of abode ; that his wife and family lived in a houſe near *Tiſue's* which had form-erly been *Spencer's* ; that, of the 226*l.* 7*s.* 6*d.* *Thomas Spencer* paid 158*l.* 17*s.* 6*d.* and perhaps the whole of it, to one *Simeon Rice,* for another tract of land ; that *James Spencer* ſent word to his wife to buy *Rice's* land, and he would pay the money, if he would ſell it on the terms propoſed, but there was alſo evidence, that he did not want to buy this tract, but wiſhed to go to *Kentucky* ;— that it was agreed between *Thomas* and his mother, that the money ſhould be paid to her by *Tiſue* ; that *Tiſue* ſaid he had paid the money to her, that ſhe might have a place to live on ; that, after they left *Tiſue's,* *Thomas* ſaid, his father had diſcovered ſomething of the matter, and they muſt ſtart off directly ; that his mother, with the aſſiſtance of *Tiſue* and his wife, diſguiſed herſelf, that her huſband might not diſcover her ; that ſhe de-clared, ſhe bought *Rice's* land for her huſband ; that *Thomas* lives on it, has got a deed for it, and ſays he will keep it ; that *William,* with the permiſſion of his

1796.

brother *Thomas*, built a cabbin on the land, that he allowed his father to go into it, and that his father and mother now live in it ; and that *James Spencer*, after the purchase from *Rice*, said, if he got the land, he would give *Thomas* a part of it, if he behaved himself like a son. A witness also proved, that he had endeavoured to persuade *James Spencer* and his son *Thomas*, who claimed an interest in this land, as having claimed some interest in the land sold to *Tisue*, to agree about dividing between them the land bought of *Rice* ; and, for this purpose, that he run a line dividing it equally ; but that neither of them assented to it.

*Young* and *Morrison*, for the defendant. The money received by the wife has been applied to the use of the husband. There was a dispute between *James Spencer* and his son *Thomas*, about the property of the land purchased from *Rice*. How could this arise, unless the land had been purchased by *James Spencer's* money. If the money was *James Spencer's*, this admits, that he had assented to the payment made by *Tisue* to *Mary Spencer*. Though a wife can make no contract, yet, in many cases, there is an implied permission of the husband, unless there be an absolute prohibition. Wherever there is this permission of the husband, the wife's contract binds him. There is a plain collusion between the husband, the wife, and the son, to defraud *Tisue*. If the land has been purchased with *James Spencer's* money, the land is his. The whole of this 263*l.* 17*s.* 6*d.* has been laid out in the payment of the land bought of *Rice*.

*Nagle*, and *Selby*, for the plaintiff. A wife cannot make a contract for a husband. The 37*l.* 10*s.* was lent to *Thomas*, and is no payment to *James Spencer*. The authority of the wife was to purchase on the terms which the husband had before proposed to *Rice*. If she purchased on other terms, he is not bound by the purchase. Therefore the payment to the wife is no payment to the husband. There is no evidence, that the land was bought for the use of the husband. *Tisue* has made a wrong payment, with a fraudulent view to an improper person, and he must bear the loss.

PRESIDENT. The policy of the law is, that marriage unites the two persons in one, sinks the wife in the husband, and gives to the husband the sole right of manag-

ing the property of both. But with this union of persons, it is not inconfiftent, that the wife fhould be the agent of the hufband : for this accords with the union of perfons, and the agent, like the wife, may be confidered as the fame perfon with the principal.

There are many occafions, on which a wife, as agent for the hufband, appears as the principal. The cares of matrimony, the duties of management are divided, the hufband affumes fome parts, and fubmits other parts to the care of the wife : where he either acts or fubmits he is bound. A hufband is, often from home. Nothing is more common, than to pay to the wife, in his abfence, a debt due to the hufband. This is for the convenience of both parties ; and feems to be confidered as an implied agency. If *Tifue* made his payment in this ufual way, it feems proper to confider it as a payment to the hufband, on a prefumed agency, with which, in their common concerns, every wife is generally prefumed vefted.

But if *Tifue intended*, by paying to the wife, to deprive the hufband of that management of the eftate with which the law vefts him, it is a fraud on the hufband, to whom the payment ought to have been made, and is no payment.

But, at the fame time, the hufband muft not be indulged in a fraud on his part. For, if he have afterwards affented to this payment, or it have been applied to his ufe, and he accepts the benefits of it. This is a payment to him.

In this cafe, the wife has given a receipt for 263*l.* 17*s.* 6*d.* Of this, it appears, 226*l.* 7*s.* 6*d.* was actually paid to her. There is evidence, of which ye will judge, that 37*l.* 10*s.* alfo included in this receipt, was previoufly lent to the fon. There is evidence, that 158*l.* 17*s.* 6*d.* part of the 226*l.* 7*s.* 6*d.* was actually given by the wife to the fon *Thomas* and paid by him for *Rice's* land, on which the hufband now lives, the purchafe of which he had contemplated and directed his wife to complete, and intereft in which he claims, or has claimed. How the refidue of the 226*l.* 7*s.* 6*d.* has been applied, we do not know : but the hufband and the wife live together in the fame houfe ; and it is faid, *Thomas Spencer* has got a deed for the land. *Thomas Spencer*, confidering the title in him, has got land for which *he* has not paid. If

he fhall gain, who fhall lofe, his father or *Tifue?* The queftion is whom ye will turn round for remedy. If the land was bought, with *James Spencer's* money, by any agent of his, the land is his. This land he was in treaty for buying, and it was bought by his wife and fon, with money paid her in difcharge of a debt due to her hufband.

What is the value of the fmith's tools, and whether that and the price of the cow or cows fhall be deducted, you will determine.

The only points in difpute, therefore, are whether the money paid to the wife, the value of the fmith's tools, and the price of the cow or cows, afcertaining thefe fums, fhall be confidered as payments made by *William Tifue* to *James Spencer* on this contract.

The jury allowed credit for 263*l.* 17*s.* 6*d.* the fum mentioned in the receipt given by the wife of *James Spencer*, and for 15*l.* as the price of the fmith's tools, and for 6*l.* the price of one cow.